551 F.2d 61
 INGALLS SHIPBUILDING CORPORATION, DIVISION OF LITTON
SYSTEMS, INC., Petitioner,
v.
Dorothy T. MORGAN, Ernest W. Morgan, Jr., Timothy E. Morgan,
Claimants-Respondents,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 76-1880.
 United States Court of Appeals,
Fifth Circuit.
 April 20, 1977.
 
 Eldon L. Bolton, Jr., Gulfport, Miss., D. Knox White, George E. Morse, George W. Williams, Jr., Senior Staff Atty., Pascagoula, Miss., Charles E. Foster, Beverly Hills, Cal., for petitioner.
 Bobby G. O'Barr, Biloxi, Miss., Laurie M. Streeter, Associate Sol., William J. Kilberg, Sol., Linda L. Carroll, Atty., U. S. Dept. of Labor, Washington, D. C., for claimants-respondents.
 Petition for Review of an Order of the Benefits Review Board (Mississippi Case).
 Before MORGAN and RONEY, Circuit Judges, and KING*, District Judge.
 PER CURIAM:
 
 
 1
 Petitioner Ingalls Shipbuilding Corporation appeals from a decision of the Benefits Review Board, U. S. Department of Labor, affirming an award of benefits to respondents under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. Respondents' decedent, Ernest W. Morgan, worked as a ship fitter helper apprentice in a fabrication shop in the Ingalls shipyard in Pascagoula, Miss. Workers in the shop cut, shape, tack and weld steel parts later used for construction and repair of ships. Morgan died when a steel plate he was cleaning fell on him.
 
 
 2
 Ingalls questions whether, under the terms of the Act, Morgan was a covered employee, 33 U.S.C. § 902(3), working on a maritime situs, 33 U.S.C. § 903(a). If he was, Ingalls suggests the Act is unconstitutional. These issues are controlled by Halter Marine Fabricators Inc. v. Nulty, decided with Jacksonville Shipyards Inc. v. Perdue, 539 F.2d 533 (5th Cir. 1976), petition for cert. filed 45 U.S.L.W. 3514 (Jan. 25, 1977). Nulty upheld an award of compensation benefits to a worker in a shipyard fabrication shop and determined the Act so applied was constitutional. Nulty was covered, the Court held, because he was "directly involved in an ongoing shipbuilding operation." 539 F.2d at 544.
 
 
 3
 Ingalls suggests three possible reasons for distinguishing the status of Morgan from the status of Nulty. First, at the time of his injury, Morgan was only cleaning, while Nulty was constructing. Because cleaning was a necessary prerequisite to the fabrication of the steel for use in shipbuilding, this distinction is immaterial. Second, Morgan was working on a steel plate for a ship that had not yet been launched, while Nulty was fabricating a piece of woodwork for a floating vessel. The work of shipbuilding, however, commences before there is a launched vessel. Third, Morgan never worked on board a ship, while Nulty did from time to time. Shipbuilders who do the initial work to construct a vessel for launching are, nonetheless, just as engaged in shipbuilding as those who are completing the task after something is finished which can be called a ship.
 
 
 4
 Morgan's cleaning task was an essential step of the shipbuilding process, and it defies plain meaning of the words "ongoing shipbuilding operation" to restrict them to activities that relate to vessels that are already floating. Ingalls argues that the "ongoing shipbuilding" test is wrong if it eliminates any requirement that the status of the injured employee be judged without regard for traditional maritime concepts. Nulty, however, holds that shipbuilders perform a maritime function.
 
 
 5
 AFFIRMED.
 
 
 
 *
 District Judge of the Southern District of Florida sitting by designation