**Alvin L. LUNDY, Plaintiff-Appellant,**
v.
**LITTON SYSTEMS, INC., Defendant-Appellee.**

**No. 79–1061.**

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1980.

Rehearing and Rehearing En Banc Denied Oct. 8, 1980.

---

Bobby G. O'Barr, Biloxi, Miss., for plaintiff-appellant.

Karl Wiesenburg, French Caldwell, Pascagoula, Miss., for defendant-appellee.

Before GOLDBERG, TATE, and SAM D. JOHNSON, Circuit Judges.

PER CURIAM.

On July 1, 1976, plaintiff-appellant, Alvin L. Lundy, who is a meter calibrator, was working on the USS Hewitt, DD–966, when he fell through an escape hatch which had been left open by one of the ship's crew. At the time of the accident, the USS Hewitt, undergoing construction and preparations for sea trials, was 97% complete and moored in an outfitting dock. To recover for his injuries, appellant brought suit against his employer, Litton Systems, Inc., defendant-appellee, which was also owner of the ship. Appellant claimed entitlement to recovery under the doctrine of seaworthiness, the Jones Act, 46 U.S.C. § 688, and the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b). He appeals from the district court's dismissal of his claims upon appellee's motion for summary judgment. Because appellant had abandoned his claims brought under the doctrine of seaworthiness and the Jones Act, we need only determine whether he has a claim under 33 U.S.C. § 905(b).[1] We find that he does, and, accordingly, we reverse.

The district court held that an incomplete ship was not a vessel for purposes of section 905(b). We disagree.

---

1. 33 U.S.C.A. § 905(b)(West 1978) provides the following:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

The definitional section of the LHWCA provides that "[t]he term 'vessel' means any vessel upon which or in connection with which a person entitled to benefits under this chapter suffers injury or death arising out of or in the course of his employment . . . ." 33 U.S.C.A. § 902(21)(West 1978). Persons entitled to benefits under the LHWCA are "employees." *See id* § 903(a). "The term 'employee' means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder, and shipbreaker . . . ." *Id.* § 902(3). we have previously held that "[s]hipbuilders who do the initial work to construct a vessel for launching are . . just as engaged in shipbuilding as those who are completing the task after something in finished which can be called a ship." *Ingalls Shipbuilding Corp., Division of Litton Systems, Inc. v. Morgan*, 551 F.2d 61 (5th Cir. 1977). Thus, incomplete ships upon which 33 U.S.C. § 902(3) employees are working at a site which the coverage of the Act, 33 U.S.C. § 903, are vessels within the meaning of 33 U.S.C. § 902(21). The USS Hewitt was thus moored to the statute.

REVERSED and REMANDED.