**WIEDEMANN & FRANSEN, A.P.L.C., Plaintiff-Appellant,**

v.

**HOLLYWOOD MARINE, INC., Defendant-Appellee.**

No. 86–3199.

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1987.

Rehearing and Rehearing En Banc Denied March 27, 1987.

Lawrence D. Wiedemann, Fritz Wiedemann, New Orleans, La., for defendant-appellee.

Robert S. Reich, Rufus C. Harris, III, Larry DeBuys, IV, New Orleans, La., for plaintiff-appellant.

Before BROWN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The plaintiffs below, Wiedemann and Fransen, P.L.C., appeal from the order of the district court dismissing their suit. We affirm.

## I.

On May 8, 1985, Randy L. Neely was injured aboard the M/V CREOLE JANICE, a vessel owned by his employer, Hollywood Marine. Thereafter, Neely retained the law firm of Wiedemann & Fransen, the appellants, to represent him in his claim against Hollywood Marine for personal injuries sustained aboard the vessel. Neely entered into a contingent fee contract with the appellants in which Neely agreed not to personally settle his claim or suit with Hollywood Marine.

In June of 1985, the appellants filed a Jones Act and general maritime suit in Louisiana state court against Hollywood Marine on behalf of Neely. Later, without being represented by counsel, Neely met in Texas with members of Hollywood Marine's claim department, and agreed to settle all his claims for $50,000. Apparently satisfied with this arrangement, Neely discharged the appellants. In December of 1985, the appellants filed this suit invoking diversity jurisdiction and claiming that Hollywood Marine had tortiously interfered with appellants' contract of employment with Neely. Hollywood Marine moved to dismiss appellants' complaint under Rule 12(b)(6), Fed.R.Civ.P., asserting that Louisiana would not recognize a cause of action for tortious interference with contractual

relations. The district court dismissed, and Wiedemann & Fransen appealed.

## II.

The appellants direct several arguments against the district court's dismissal of their complaint. In reviewing the district court's action, this court can affirm only if no relief could be granted under any set of facts that could be proved consistent with the appellants' allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984). With this standard of review in mind, we turn to the questions presented.

## III.

■ Passing the fact that the suit was brought under the court's diversity jurisdiction and that admiralty jurisdiction was not invoked, appellants first argue that a contingent fee agreement between an injured seaman and his attorney is a maritime contract and that tortious interference with such a contract is a maritime tort. Assuming, without deciding, that appellants' agreement with Neely was a maritime contract, we do not agree that Hollywood Marine's settlement with Neely amounted to a maritime tort against appellants.

We have recently had occasion to consider the question whether an alleged tort is a maritime tort. In *May v. Transworld Drilling Co.*, 786 F.2d 1261, 1265 (5th Cir. 1986), we said:

The test to determine the existence of a cause of action in maritime tort is identical with that applied to determine jurisdiction in admiralty. The Supreme Court, in *Foremost Insurance Company v. Richardson*, [457 U.S. 668, 673, 102 S.Ct. 2654, 2657, 73 L.Ed.2d 300 (1983)] held that, as indicated in *Executive Jet*, [409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972)] it is requisite to proof of a maritime tort that there be an injury on navigable waters (the traditional "locality" test) and, in addition, that the alleged wrong bear a significant relationship to traditional maritime activity.

(footnotes omitted) We conclude that this case does not satisfy the first part of this test and consequently need not consider the second part.

In applying the first part of the *Executive Jet* test, this court must look to "where the alleged [wrong] took effect," rather than to the locus of the allegedly tortious conduct. *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 248, 266, 93 S.Ct. 493, 503, 34 L.Ed.2d 454 (1972). In the instant case, the alleged tort took effect in Louisiana where the appellants were performing their contract with Neely by bringing suit against Hollywood Marine. We cannot see how any impact of the alleged tort could have been felt on the navigable waters. Consequently, the alleged tort is not a maritime tort.[1]

### IV.

Appellants assert that, if maritime law does not apply in this instance, we should apply the substantive law of Texas, the situs of the tort, in resolving this case. In this diversity action, we must apply Louisiana rules in determining what substantive law to apply to this case. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The Louisiana Supreme Court has abandoned the *lex loci delicti* doctrine and has instead adopted the interest analysis approach to resolving choice of law questions. *Jagers v. Royal Indem. Co.*, 276 So.2d 309, 312 (La.1973). Although part of the alleged wrong occurred in Texas, the appellants as well as Neely are residents of Louisiana. The services to be performed by appellants were to be performed in Louisiana, i.e., the lawsuit which was the subject of appellants' contract with Neely was filed in Louisiana state court. We conclude that under these circumstances, Louisiana courts would apply the laws of Louisiana in resolving this dispute.

### V.

Although Louisiana thusfar has not recognized a cause of action for tortious interference with contractual relations, appellants argue that the Louisiana Supreme Court has intimated that it might reconsider its position on this cause of action, and that we should therefore certify this question to the Louisiana Supreme Court. We have recently declined to certify this question to that court, and do so now. *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879, 884 (5th Cir.1986).

### VI.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1. In *Carroll v. Protection Maritime Ins. Co.*, the First Circuit noted that a tort may be maritime if its effects are felt on navigable waters. 512 F.2d 4, 8 (1st Cir.1975). *Carroll* applied admiralty jurisdiction to an action asserted by a seaman and commercial fishermen against marine protection and indemnity insurers claiming that the insurers interfered with the plaintiffs' employment contracts with their respective employers. *Id.* at 5. The plaintiffs complained that the defendants provided the plaintiffs' employers with a list of employees who in the past had filed personal-injury actions against their employers. *Id.* As a result, several of the plaintiffs were either terminated or refused employment. *Id.* The court decided that the "impact of the defendants' alleged actions" was felt at sea. *Id.* at 8.