**Willie ZEPHERIN, Plaintiff–Appellant,**

v.

**CONOCO OIL COMPANY, INC.,
Defendant–Appellee.**

No. 89–3050.

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1989.

David C. Whitmore, Lawrence B. Jones, Scheuermann & Jones, New Orleans, La., for Willie Zepherin.

Susan A. Zerinque, Michael M. Christovich, Christovich & Kearney, New Orleans, La., for Conoco Oil Co.

Before GEE and JONES, Circuit Judges and HUNTER *, District Judge.

EDWIN F. HUNTER, Jr., District Judge:

Plaintiff appeals the grant of a summary judgment dismissing his suit as against Conoco. The record reveals that no genuine issue of fact exists and that there is no evidence reasonably affording an inference that would sustain plaintiff's position.[1] We find no error and affirm.

Conoco owns the offshore platform which is permanently affixed to the floor of the Gulf of Mexico on the Continental Shelf off the Louisiana coast. Conoco entered into a drilling and rework contract with Dual Drilling Company under which Dual was obligated to furnish the drilling rig, equipment, materials and necessary labor to perform the drilling work on the platform. Under the terms of the contract, Dual was expressly characterized as an independent contractor. Article XI states:

> It is expressly understood that Contractor (Dual) is an independent contractor and that neither it nor its employees or subcontractors or their employees are servants, agents or employees of company (Conoco). The actual performance and superintendent of all work hereunder shall be by Contractor, under the control and direction of Contractor as to the details of the work ...

Plaintiff, Zepherin was employed by Dual as a roustabout and assigned to its Dual Rig 23 which was located on Conoco's fixed offshore platform.

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. See Fed.R.Civ.P. 56(c), (e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

On January 3, 1988, the supply vessel M/V LONG ISLAND, time chartered to Conoco, arrived at the platform with a supply of 3½ inch drilling pipe, water and Schlumberger tools to be offloaded. Sometime around midnight, the vessel tied up to the platform and offloading began. As plaintiff and a fellow Dual roustabout were being transferred to the deck of the vessel on a personnel basket, the vessel allegedly came up on a wave, causing plaintiff to be pushed into a load of pipe. Zepherin filed a complaint, alleging he sustained injuries while working aboard the platform and supply vessel. Named as defendants were Conoco and Arthur Levy Enterprises, the owner and operator of the M/V LONG ISLAND. Conoco filed a motion for summary judgment.

■ The only Conoco employee at the drilling site was Kevin Barard. His role was that of the well known "company man" in the "oil patch". *Wallace v. Oceaneering Intern.*, 727 F.2d 427, 436 (5th Cir.1984). Seven depositions were taken in the course of this litigation. These depositions, including those of Zepherin, Barard, two Dual employees and three key members of the M/V LONG ISLAND, all reveal that Conoco had no day-to-day operational control over the rig and specifically over the operation allegedly causing the accident. Barard (the Conoco man) monitored the progress of the work of independent contractors, making sure that they were performing their contractual duties. This would include a concern that the well was being drilled to certain depths and that necessary supplies were current. The record reveals that all activities were performed under the guidance and supervision of Dual supervisors. Conoco had no actual control over or responsibility for the details of the drilling and/or the loading or unloading of equipment. By no stretch of the imagination did Conoco control the operation of the particular activity during which plaintiff was allegedly injured. This court has consistently held on similar facts that a principal, such as Conoco, who hires an independent contractor, over which it exercises no operational control, has no duty to remedy hazards created by its independent contractors. *Boutwell v. Chevron, U.S.A., Inc.*, 864 F.2d 406 (5th Cir.1989); *Grammer v. Patterson Services, Inc.*, 860 F.2d 639 (5th Cir.1988); *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548 (5th Cir.1987); *Moser v. Texas Trailer Corp.*, 623 F.2d 1006, 1014–15 (5th Cir.1980); *McCormack v. Noble Drilling Corp.*, 608 F.2d 169, 175 (5th Cir.1979). See also *Hyde v. Chevron U.S.A., Inc.*, 697 F.2d 614 (5th Cir.1983).

■ Plaintiff has advanced an argument that Conoco is liable as a time charterer. This contention is totally devoid of merit. The duties and obligations of a time charterer have recently been elaborated by this court in *Kerr–McGee Corporation v. Ma-Ju Marine Services, Inc.*, 830 F.2d 1332 (5th Cir.1987). Simply put, a time charterer who does not control the operation and navigation of the chartered vessel is not responsible for the vessel owner's negligence or damages arising out of operation of the vessel. *Agrico Chemical Company v. M/V Ben W. Martin*, 664 F.2d 85 (5th Cir.1981).

We appreciate that although the charter party contract precludes visiting liability upon the time charterer for the owner/operator's negligence, it does not preclude holding the time charter liable for the negligent acts of parties performing tasks over which the time charterer had operational control. In this case, however, there is nothing to even suggest that Conoco had any degree of operational control over, and attendant responsibility for, the unloading operation during which plaintiff was injured. Plaintiff's theory that Conoco is liable as a time charterer of the vessel on which he was injured is simply that—a theory unsupported by evidence or law.

In the absence of circumstances which would give rise to liability for actions taken by an independent contractor, none of which are present here, Conoco was clearly entitled to summary judgment. The judgment of the district court is,

AFFIRMED.