Robert Terry ROBERTSON and Tami Robertson, on Behalf of Teiea Paul Robertson, Plaintiffs–Appellants,

v.

ARCO OIL & GAS CO., Defendant–Appellee.

No. 91–4439.

United States Court of Appeals, Fifth Circuit.

Nov. 1, 1991.

Richard J. Arsenault, Todd A. Harris, Nelbett, Beard & Arsenault, Alexandria, La., for plaintiffs-appellants.

Michael M. Christovich, John K. Leach, Christovich & Kearney, New Orleans, La., for defendant-appellee.

Before POLITZ, KING, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Robert Terry Robertson ("Robertson") and Tami Robertson appeal an adverse summary judgment in their personal injury suit against Arco Oil & Gas Company ("Arco"). 766 F.Supp. 535. Finding no error, we affirm.

I.

Helmerich & Payne International Drilling Company ("Helmerich") employed Robert Robertson as a roustabout and assigned him to work on a fixed offshore drilling platform owned by Arco Oil & Gas Company ("Arco"). Helmerich owned the drilling rig used on the Arco platform and provided all personnel necessary to operate the rig. Only one direct employee of Arco, Jerry Trotti, worked on the platform.

On December 19, 1988, Robertson's supervisor, a Helmerich employee, ordered him to assist in moving a piece of drilling machinery from the rig deck to a vessel which was docked adjacent to the platform. While Robertson and the other Helmerich workers were on the deck of the vessel alongside the rig, bundles of drilling pipe that Helmerich personnel had previously stowed on the deck suddenly became unbundled. Robertson sustained injuries when some of the pipes hit his leg.

Robertson, his wife, and his child brought this negligence action against Arco seeking damages. Arco moved for summary judgment, and the district court granted that motion. The district court held that, because Arco was a platform owner who hired an independent contractor to carry out certain operations without exercising actual control over the independent contractor, Arco had no duty to remedy any hazards created by Helmerich. Robertson timely appealed.

Robertson maintains that, because of evidence of operational control by Arco, the district court erroneously granted summary judgment. He further contends Arco was not immune from all tort liability despite the direct negligence of its company man.

## II.

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing the summary judgment, we apply the same standard as the district court. *See Waltman v. Int'l Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548–49 (5th Cir. 1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To that end, we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Where a platform owner hires independent contractors to supply operations and carry out the actual drilling, and the owner neither possesses nor exercises actual control over the independent contractors, the owner has no duty to remedy hazards created by its independent contracts. *See Zepherin v. Conoco Oil Co.*, 884 F.2d 212, 213 (5th Cir.1989). The record in this case establishes that Arco exercised no control over any of Helmerich's operations, either on the particular occasion giving rise to this action or on any other. The record also establishes that Helmerich contractually agreed that, in the performance of this work, Helmerich was "an independent contractor with the authority to control and direct the performance of the details of the work." Helmerich also contractually agreed that it had "the primary responsibility for the safety of all its operations, [and] shall take all measures necessary or proper to protect the personnel and facilities." Helmerich further agreed to inspect the materials and appliances furnished by Arco and ensure that they were in good working condition.

As noted, Robertson was injured while physically on Arco's rig, but no Arco personnel or equipment were in the immediate vicinity. Reviewing these facts and drawing all inferences in Robertson's favor, no genuine issue of material fact exists. The relevant inquiry was whether Arco had control over the operation of the particular activity during which Robertson was injured. The fact that Arco owned the platform where Robertson was employed cannot be construed—in the face of the facts and the clear terms in the contract—to constitute operational control by Arco.

Robertson's contentions to the contrary are insufficient to defeat summary judgment.[1]

## III.

For the foregoing reasons, we AFFIRM.

---

1. As the district court noted, Robertson refers to the Outer Continental Shelf Lands Act, beginning at 43 U.S.C. § 1331, for "illustrative" purposes in his argument. He does not appear to rely on this Act for substantive purposes. We thus decline to discuss these arguments, as the district court did.