CANNELLA, Judge.
The appellants, Gwendolyn Jones, and her spouse, Michael Jones, appeal the dismissal of their maritime tort claims filed pursuant to the provisions of 33 U.S.C. *744 905(b), the Longshore and Harbor Workers Compensation Act (LHWCA). The appel-lees, Avondale Industries, Inc. (Avondale), and American Joiner Contractors, Inc. (American Joiner), filed a Motion For Summary Judgment which was granted. We affirm.
Gwendolyn Jones was employed by Seco Industries as an electrician onboard the unfinished vessel, L.S.D.-45 (Landing Ship Docks). On March 7, 1989 the ship was under construction by Avondale for the U.S. Navy and Gwendolyn Jones was injured when she slipped and fell while descending a stairway. The vessel was 93.6% complete but lacked most of its navigational equipment; the few pieces on board were not operational; the vessel was incapable of navigation; it lacked most of its piping system; it had not undergone dock or sea trials; it had an incomplete engineering plant and propulsion system and could not produce power propulsion; neither the fuel tanks nor transfer system were completed and no fuel was loaded into the tanks.
Gwendolyn Jones filed suit on March 8, 1990 against Avondale, American Joiner, MICI Inc., and MCI Inc. alleging damages compensable under Section 905(b) of the LHWCA. Avondale and American Joiner filed a joint Motion For Summary Judgment asserting that the L.S.D.-45 was not a “vessel” for 905(b) purposes at the time of the injury. The motion was granted on March 1, 1991.
On appeal, the appellants assert that the judgment on the Motion For Summary Judgment should be reversed because the cases relied on by the trial judge are distinguishable from the case herein. They contend that the controlling case is Lundy v. Litton Systems, Inc., 624 F.2d 590 (5th Cir.1980), which holds that an incomplete vessel is a vessel for 905(b) purposes. They also assert that there exist genuine issues of material facts based on Gwendolyn Jones’s affidavit.
The trial court relied on Richendollar v. Diamond M Drilling Co., Inc. 784 F.2d 580 (5th Cir.1986), rehearing en banc, 819 F.2d 124 (5th Cir.), cert. denied, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987) and Rosetti v. Avondale Shipyards, Inc., 821 F.2d 1083 (5th Cir.1987), cert. denied, 484 U.S. 1008, 108 S.Ct. 703, 98 L.Ed.2d 654 (1988). In both cases the Court of Appeals considered whether an action under 905(b) could be maintained when the vessel involved was under construction at the time of the alleged accident. In both decisions, the court held that a partially completed hull, one under construction, does not constitute a “vessel”, either for purposes of admiralty jurisdiction or a vessel negligence claim under Section 905(b) of the LHWCA. In Richendollar, the structure was a jack-up rig being built on land, and in Rosetti, the structure was a ship afloat on navigable waters, as here.
In Richendollar the court stated that, in order to maintain an action for a maritime tort under section 905(b), the vessel must be capable of navigation, or have a special use on or in water. In so holding, the case rejected Lundy’s use of the LHWCA definition of “vessel”. In Richendollar the court held that tort admiralty jurisdiction depends on whether plaintiff can establish a maritime tort. To do this the plaintiff must show the event occurred on navigable water and that the wrong bears a significant relationship to traditional maritime activity. In Richendollar the plaintiff failed to meet the test, since the rig was “under construction, on land, and incapable of flotation and not on or in navigable waters and capable of navigation or flotation for a special commercial purpose.” At p. 128.
Rosetti was decided one month after Ri-chendollar. The court said that Richen-dollar controlled. They proceeded to reject plaintiffs claim for injury which he sustained on an 80-85% completed hull, which was afloat on navigable water. There, the vessel was not navigable, the majority of the navigation equipment was not installed, dock and sea trials had not taken place, and no crew had been assigned to the vessel.
The appellants seek to distinguish Ri-chendollar and Rosetti on their facts. Because summary judgment is a harsh remedy, the appellants assert that these differ- *745 enees militate in favor of allowing their claims to proceed. We disagree.
The appellants assert that a genuine issue of material fact exists, precluding summary judgment under LSA CCP art. 966. They contend that the affidavit of Gwendolyn Jones contradicts the affidavits of the Avondale vice-president regarding the vessel’s navigability and completion. However, in her disposition testimony she was unable to support her allegations with certainty or on her own personal knowledge. On the other hand, the affidavits of Avon-dale’s Vice-President, Rodney Duhon, were made on personal knowledge.
La.C.C.P. art. 967 requires supporting and opposing affidavits to be made on personal knowledge. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978). The appellants’ affidavit was not made on personal knowledge and thus cannot be used to create a genuine issue of material fact which would preclude the granting of a summary judgment. Thus, since there are no genuine issues of material fact in dispute and the appellees are entitled to judgment as a matter of law (La.C.C.P. art. 966), we find the trial judge did not err in granting the Motion For Summary Judgment.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be paid by appellants.
AFFIRMED.