1PETTIGREW, J.,
dissenting.
I must respectfully dissent from the majority’s opinion for the following reasons.
The plaintiffs, survivors of Byron Joseph Boswell, originally filed a petition asserting a cause of action as survivors of a seaman under the Jones Act, 46 U.S.C.App. § 688, seeking damages for the following: unseaworthiness of the motor vessel; negligence under the general maritime law; manufacturer’s defect of the air boat vessel; punitive damages under the general maritime law for the willful, reckless, outrageous, and wanton misconduct of Fugro; and strict liability under La. Civ. Code art. 2317. Subsequently, plaintiffs filed a supplemental petition asserting a cause of action under the Longshore and Harbor Workers’ Compensation Act, 33 U.S.C. § 901, et seq.
Whether plaintiffs have a viable claim depends upon whether Mr. Boswell was a seaman or a longshoreman in territorial waters of Louisiana. According to my review of the record, the trial court never made such a finding. In my humble opinion, that is a critical determination to be made to resolve this case.
1¾1 agree with the majority that under Miles v. Apex Marine Corporation, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the United States Supreme Court specifically held that as to true seamen, whether the death occurred in territorial waters or on the high seas, there is no recovery by parents, spouses, or children for loss of society under general maritime action for wrongful death or injury to a Jones Act seaman. However, Miles did not hold that parents, spouses, or children of longshoremen who died in territorial waters did not have a claim for loss of society for wrongful death action. In fact, the Miles court specifically recognized the distinction, validity, and applicability of the exception carved out in Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974) that allows recovery of nonpecuniary claims such as loss of *718 society in cases involving survivors of a longshoreman who is killed in territorial waters. Mr. Boswell was killed in territorial waters. If he was a longshoreman, his survivors still have a viable claim. Mr. Boswell fits under the limited exception and category carved out by Gaudet.
The majority states, and I agree, that the 1972 amendments to 33 U.S.C. § 905(b) specifically abolished a longshoreman’s cause of action for unseaworthiness. However, the amendments preserve the longshoreman’s right to recover for the negligence of a vessel. These two claims are separate and distinct causes of action. As set forth in 33 U.S.C. § 905(b), a longshoreman has the right to bring a claim based on the negligence of a vessel. Section 905(b) provides, in pertinent part, as follows:
In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.
In support of its position that nonpecuni-ary damages are not available to a longshoreman injured in territorial waters, the majority cites Robertson v. Arco Oil and Gas Company, 766 F.Supp. 535 (W.D.La.1991), aff'd on other grounds, 948 F.2d 132 (5th Cir.1991). I believe the reliance by the majority on this case is |sunfounded. There is a more recent declaration in Randall v. Chevron U.S.A., Inc., 13 F.3d 888 (5th Cir.1994), wherein the court specifically recognized the right of the family of a longshoreman who was killed in territorial waters to be awarded damages for loss of society. The Randall court further recognized the distinction between a claim by a longshoreman for unseaworthiness of the vessel and a claim for negligence of a vessel, noting that the 1972 amendments to 33 U.S.C. § 905(b) preserved the longshoreman’s right to recover for the negligence of a vessel. See also Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156, 165, 101 S.Ct. 1614, 1621, 68 L.Ed.2d 1 (1981); May v. Transworld Drilling Co., 786 F.2d 1261, 1264 (5th Cir.), cert. denied, 479 U.S. 854, 107 S.Ct. 190, 93 L.Ed.2d 123 (1986).
I also disagree with the majority that plaintiffs’ right to punitive damages under La.Code Civ. P. art. 2315.3 is necessarily preempted by federal maritime law. In Yamaha Motor Corporation, U.S.A. v. Calhoun, 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996), the United States Supreme Court noted as follows regarding this issue:
When Congress has prescribed a comprehensive tort recovery regime to be uniformly applied, there is, we have generally recognized, no cause for enlargement of the damages statutorily provided.... But Congress has not prescribed remedies for the wrongful deaths of non-seafarers in territorial waters. See Miles, 498 U.S., at 31, 111 S.Ct., at 325. There is, however, a relevant congressional disposition. Section 7 of DOHSA [Death on High Seas Act] states: “The provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this chapter.” 46 U.S.C.App. § 767. This statement, by its terms, simply stops DOHSA from displacing state law in territorial waters. See Miles, 498 U.S., at 25, 111 S.Ct., at 321-322; [Offshore Logistics, Inc. v.] Tallentire, 477 U.S., [207] at 224-225, 106 S.Ct., [2485] at 2495-2496[, 91 L.Ed.2d 174 (1986)]; Mo *719 ragne, 398 U.S., at 397-398, 90 S.Ct., at 1785-1786. Taking into account what Congress sought to achieve, we preserve the application of state statutes to deaths within territorial waters.
Yamaha Motor Corporation U.S.A., 516 U.S. at 215-216, 116 S.Ct. at 628. As previously indicated, there has been no determination of Mr. Boswell’s status at the time of his death. Thus, Mr. Boswell may very well have been a longshoreman killed in state territorial waters. Under such a scenario, plaintiffs’ remedy under state law would not be preempted.
| ¿Based on my review of the record, and for the above and foregoing reasons, the judgment of the trial court should be reversed and the matter remanded for a determination of whether Mr. Boswell was a seaman or a longshoreman at the time of his death.