United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2006

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals
for the Fifth Circuit*

No. 05-50652
Summary Calendar

VERNEST DOTSON; ET AL.,

Plaintiffs,

KENNETH M. LEE,

Plaintiff - Appellant,

v.

CITY OF SAN ANTONIO; ET AL.,

Defendants,

CITY OF SAN ANTONIO,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 5:03-CV-206

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kenneth Lee appeals the district court's summary judgment in favor of the City of San

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Antonio, dismissing his claim that the City has improperly classified and underpaid him on the basis of his race.

Lee began working for the City in 1982 as a garbage collector and later became the manager of the City's transfer station, where waste is compacted and transferred to landfills. As the manager of the transfer station, Lee was initially classified as a garbage route supervisor. Lee felt he was actually performing the work of a superintendent and began complaining to his supervisors that he was improperly classified. The City subsequently changed Lee's job title to waste disposal supervisor, and then to transfer station supervisor, pursuant to two studies analyzing Lee's job duties and responsibilities. Lee remained dissatisfied with his classification and continued to complain to his supervisors that he believed he was performing the job of a superintendent and should be paid accordingly.

In 2001, Lee discovered a draft copy of the City's site operating plan, which indicated that the City was required to have a waste disposal superintendent manage the transfer station facility. Lee's discovery confirmed his belief that he had been improperly classified, and as a result, he filed a complaint with the Equal Employment Opportunity Commission.

Lee subsequently sued the City in federal court, alleging, among other things, that the City discriminated against Lee on the basis of race and thereby violated Title VII.[1] The City then moved for summary judgment. In a pre-trial ruling, the magistrate judge struck several attachments to Lee's summary judgment response, on the ground that they were improperly

---

[1]This suit initially involved additional plaintiffs and defendants, but at the time of this appeal, Lee's claim against the City is the only one remaining.

2

certified under Rule 56(e) of the Federal Rules of Civil Procedure, and then recommended that the district court grant summary judgment in the City's favor. The district court adopted the magistrate's recommendation, and Lee appealed.

On appeal, Lee argues that: (1) the "magistrate judge and/or trial court" erred by striking portions of his summary judgment evidence; (2) the evidence creates a genuine issue of material fact on his discrimination claim; and (3) the district court erred by *sua sponte* dismissing his Equal Protection claim.

Despite the magistrate judge's pre-trial order excluding several of Lee's exhibits, the district court alternatively considered the disputed evidence and deemed it insufficient to raise a genuine issue of material fact on Lee's discrimination claim. Having reviewed the district court's summary judgment *de novo*,[2] we agree.

Under the familiar burden-shifting test set forth in *McDonnell Douglas Corp. v. Green*,[3] Lee can establish a *prima facie* discrimination case by showing that he: (1) is a member of a protected class; (2) was qualified for the position sought; (3) suffered an adverse employment decision; and (4) was treated differently from similarly situated individuals outside his protected class.[4] The burden then shifts to the City to offer a legitimate, non-discriminatory reason for failing to classify Lee as a superintendent and pay

[2] *See, e.g.*, *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 401 (5th Cir. 2005) ("This Court reviews grants of summary judgment *de novo*, applying the same standard as the district court.").

[3] 411 U.S. 792 (1973).

[4] *See, e.g.*, *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (applying the *McDonnell Douglas* test); *Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001).

him accordingly.[5]   If the City satisfies its burden, then Lee must show that the City's

proffered reason is a pretext for discrimination.[6]

In his affidavit, Lee makes two attempts to show that he was treated differently from

similarly situated individuals outside his protected class.   Because Lee's conclusory

allegations are unsupported by the evidence accompanying his affidavit, both attempts fail.[7]

He first asserts that Leonard Odom, an Anglo, managed the transfer station from 1981 to

1983 and was classified as a superintendent.  In support, Lee attaches two state inspection

reports of the transfer station facility, which list Odom as the superintendent.  However, even

assuming that these reports were properly authenticated, they do not constitute any evidence

that the City classified Odom as a superintendent.  In fact, Lee is similarly referred to as the

"site superintendent" on a state inspection report.  This evidence thus fails to create a

genuine fact issue that Lee and Odom, even if similarly situated, were treated differently.

Lee further alleges in his affidavit that Jesse Hernandez, who is Hispanic, is classified

as the superintendent of a landfill facility, which Lee claims is not significantly different than

the transfer station that he manages.  Lee's only support for this assertion is a section from

the Texas Administrative Code, which generally describes the types of municipal solid waste

---

[5]*See, e.g., Abarca*, 404 F.3d at 941.

[6]*Id.*

[7]*See Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) ("[A] summary assertion made in an affidavit is simply not enough evidence to raise a genuine issue of material fact."); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) ("In short, conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden.").

sites, including landfills and transfer stations. Neither Lee's affidavit, nor any of the documents attached to his summary judgment response, detail Lee's and Hernandez's respective job duties or responsibilities or raise a genuine question as to whether Lee and Hernandez perform nearly identical jobs.[8] Lee has not produced sufficient evidence for summary judgment purposes to show that he and Hernandez are similarly situated.

Finally, the district court properly dismissed Lee's Equal Protection claim under 42 U.S.C. § 1983 because Lee never alleged, and his summary judgment evidence fails to show, that "an official municipal policy, practice, or custom led to a violation of his constitutional rights."[9]

AFFIRMED.

---

[8]*Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) ("[The plaintiff] must show that . . . employees [outside his protected class] were treated differently under circumstances 'nearly identical' to his.").

[9]*Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (affirming the district court's dismissal of § 1983 claims against two cities when the appellant did not allege that an official policy, practice, or custom of the city led to a violation of his rights); *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 714-15 (5th Cir. 1994) (affirming district court's *sua sponte* dismissal of plaintiff's § 1983 claims when plaintiffs "neither pleaded nor offered proof of crucial elements of a [§] 1983 cause of action"); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (imposing liability against a city under § 1983 only when an official municipal policy or custom caused the injury to the plaintiff).