**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 18, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-51113

_____

KENNETH LEE,

Plaintiff-Appellant,

v.

CITY OF SAN ANTONIO, et al.,

Defendants-Appellees.

_____

On Appeal from the United States District Court for the Western
District of Texas, San Antonio
5:04-CV-1184

_____

Before DAVIS, BARKSDALE, and DEMOSS, Circuit Judges.

PER CURIAM:[1]

Appellant Kenneth Lee ("Lee") appeals the dismissal of his discrimination claims against the City of San Antonio (the "City") on *res judicata* grounds. Because we find no error in the district court's judgment, and for the reasons stated below, we affirm.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Lee filed his initial complaint ("Lee I") against the City in federal district court, asserting violations of Title VII as well as sections 1981, 1983, and 1985 under an equal protection theory. Lee asserted that the City and certain individuals discriminated against him on the basis of race by failing to properly classify and pay him as a superintendent and later as an on-site manager of the Environmental Service Department's Waste Transfer Station.

In the course of discovery, the City disclosed a site operating plan for the Waste Transfer Station indicating that the City was required to have a waste disposal superintendent manage the facility. After discovering the site plan, and while his initial suit remained pending in federal court, Lee initiated a second suit ("Lee II") in Texas state court against an identical set of defendants and based on identical facts. In this second suit, Lee asserted, *inter alia*, equal protection claims brought under section 1983, state constitutional claims based on equal protection and due process, and quantum meruit claims. Lee did not seek to amend his complaint in Lee I to include any of the claims asserted in Lee II. The City removed the second suit to federal court, answered Lee's allegations, and asserted several defenses, including *res judicata*.

The district court eventually granted summary judgment to both the individual defendants and the City in Lee I. Lee appealed the summary judgment as to his claims against the City, and a panel of this court affirmed that judgment. See Dotson v. City of San Antonio, No. 05-50652, 2006 WL 1097845 (5th Cir. April 25, 2006)(unpublished). Based on the summary judgment in Lee I, the City and other defendants filed a motion for summary judgment in Lee II based on *res judicata*. The district court granted that motion, and this appeal followed.

We review the grant of summary judgment de novo, applying the same standard of a district court. Pratt v. City of Houston, 247 F.3d 601, 605-06 (5th Cir. 2001). "Summary judgment is proper when the evidence, viewed in the light most favorable to the non-movant, reflects no genuine issues of material fact." Id. at 606 (internal quotation omitted). Consistent with Federal Rule of Civil Procedure 56(c), to prevail on a motion for summary judgment the movant must be entitled to judgment as a matter of law. In particular, the *res judicata* effect of a prior judgment is a question of law that we review de novo. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 313 (5th Cir. 2004).

*Res judicata* "insures the finality of judgments" and precludes parties from relitigating issues that either were or

could have been raised in that action. Proctor & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004). *Res judicata* applies where (1) the parties to the respective actions are identical; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action resulted in a final judgment on the merits; and (4) the same cause of action is involved in both cases. See Russell v. SunAmerica Securities, Inc., 962 F.2d 1169, 1172 (5th Cir. 1992).

Lee argues first that the district court erred in granting summary judgment based on *res judicata* because there was no final judgment on the merits as to the equal protection claims asserted in Lee I. Lee argues that the district court's dismissal of his equal protection claim against the City, based on his failure to plead an official policy, practice, or custom, was not an adjudication on the merits. Lee is incorrect. "[A] judgment of dismissal for failure to state a claim is a judgment on the merits, with preclusive effect." May v. Transworld Drilling Co., 786 F.2d 1261, 1263 (5th Cir. 1986).[2]

---

[2] Lee also argues that the underlying dismissal for failure to allege a policy, practice, or custom was itself erroneous, essentially rearguing the appellate issue urged in Lee I. However, we affirmed the dismissal on this point in Lee I, Dotson, 2006 WL 1097845, *2, and Lee's argument therefore is itself barred by *res judicata*.

Lee argues second that the district court erred in granting summary judgment based on *res judicata* because he could not have asserted the claims in Lee II as part of his suit in Lee I. In Lee I, Lee asserted claims of Title VII employment discrimination and equal protection violations. In Lee II, he asserted claims of equal protection, access to courts, and due process violations pursuant to section 1983, along with similar state law claims.

Lee concedes that the claims asserted in Lee I and Lee II arise out of the same transaction and nucleus of operative facts, but argues that he was not fully aware of the factual predicate for the claims asserted in Lee II until the discovery of the site operating plan, apparently after the deadline to request leave to amend his complaint in Lee I. Lee argues that as a result of the belated discovery of documents after the deadline for amendments, the adjudication of the Lee I claims should not preclude the assertion of the claims in Lee II.

"[I]t is black-letter law that *res judicata* ... bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 560 (5th Cir. 1983)(*en banc*)(emphasis in original). This general principle applies specifically to claims first asserted under Title VII and

5

in a subsequent suit under section 1983. See id. at 559 n.3 ("[W]hen § 1983 is used as a parallel remedy with Title VII in a discrimination suit, the elements of the substantive cause of action are the same under both statutes."); see also Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 437 (6th Cir. 1981)("It is undisputed that appellant's earlier Title VII action and the present § 1983 suit are based on the same discriminatory acts. When two successive suits seek recovery for the same injury, 'a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.'").

Lee's belated discovery of documents that support and strengthen his claims does not provide a basis for avoiding the *res judicata* effect of the judgment in Lee I. Lee discovered these documents before the entry of judgment in Lee I, and despite the fact that the district court had extended several other scheduling order deadlines at Lee's request, Lee failed to make any request to amend his complaint to include his new legal theories based on the same set of operative facts. In light of such failure, we will not grant Lee an exception from *res judicata*. Cf. Nilsen, 701 F.2d at 563 (affirming application of

6

*res judicata* to later section 1983 suit where plaintiff filed untimely motion to amend in prior Title VII suit).[3]

Because we agree that the claims asserted in <u>Lee II</u> are barred by the *res judicata* effect of the judgment in <u>Lee I</u>, we AFFIRM the judgment of the district court.

AFFIRM.

---

[3] Indeed, had Lee requested, the district court may well have been obligated to allow such an amendment. We have previously recognized that under certain circumstances it may be an abuse of discretion for a trial court to deny a plaintiff's motion to amend when the denial of that motion could unduly prejudice the plaintiff's action as a result of *res judicata* implications. <u>See</u> <u>Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.</u>, 79 F.3d 480, 485 (5th Cir. 1996); <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 600 n. 3 (5th Cir.1981) (noting that where *res judicata* might bar a subsequent action by the plaintiff, the denial of a motion to amend in order to add that cause results in undue prejudice). Because Lee never requested such an amendment, we need not address the issue.