907 F.2d 1552
 NICKLOS DRILLING COMPANY and Compass Insurance Company, Petitioners,
v.
Floyd COWART and Director, Office of Workers' Compensation
Programs, U.S. Department of Labor, Respondents.
 No. 89-4944
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 9, 1990.
 
 H. Lee Lewis, Jr., Griggs & Harrison, Houston, Tex., for petitioners.
 
 
 1
 Lloyd N. Frischhertz, Seelig, Cosse', Frischhertz & Poulliard, New Orleans, La., for Floyd Cowart.
 
 
 2
 Joshua T. Gillelan, II, Samuel J. Oshinsky, Solicitors, U.S. Dept. of Labor, Washington, D.C., for Director, Office of Workers Comp. Programs.
 
 
 3
 Linda Meekins, Clerk, Benefit Review Bd., U.S. Dept. of Labor, Washington, D.C., for other interested parties.
 
 
 4
 Petition for Review of a Decision and Order of The Benefits Review Board, U.S. Department of Labor.
 
 
 5
 Before GEE, DAVIS, and JONES, Circuit Judges.
 
 PER CURIAM:
 
 6
 Today we reverse a decision of the Benefits Review Board as contrary to the unambiguous language of the Longshore and Harbor Workers' Compensation Act (LHWCA) and to what we had thought was the clear mandate of this Court. Because the Benefits Review Board (BRB) has refused to heed Congress's and our earlier pronouncements, we write somewhat at length to make our position clear beyond peradventure. We have in the past consistently held, and we now reaffirm, that future LHWCA benefits must be denied an employee who fails to obtain prior consent by his employer/carrier to the settlement of his claim against a third party tortfeasor. There are no exceptions to this rule: Congress enacted none, we engraft none, and we will tolerate the engraftment of none by the BRB in cases within our appellate jurisdiction.
 
 Facts and Prior Proceedings
 
 7
 Floyd Cowart was injured on July 20, 1983, on a Nicklos Drilling Company drilling rig. The rig was on a fixed offshore platform being operated by Transco Exploration Company. Mr. Cowart made a claim against Nicklos and its carrier for benefits under the LHWCA and filed suit against Transco in Federal District Court, seeking compensation for his injury. The carrier paid Cowart benefits for temporary total disability until May 21, 1984, when he was released to return to work. On July 1, 1985, without the written approval of Nicklos or its carrier, Cowart settled his third-party claim against Transco for a lump sum payment of $45,000.
 
 
 8
 Thereafter, Cowart filed this claim against Nicklos and its carrier seeking additional LHWCA compensation. Nicklos and the carrier resisted, arguing that Cowart's failure to obtain their written approval to the settlement barred his recovery of additional LHWCA benefits. The ALJ ruled in favor of Cowart, awarding him the difference between the amount prescribed by the Act for permanent partial disability and the amount of the settlement. The Benefits Review Board affirmed. We reverse.
 
 Discussion
 
 9
 The relevant section of the Longshore and Harbor Workers' Compensation Act provides as follows:
 
 
 10
 Sec. 933. Compensation for injuries where third persons are liable
 
 
 11
 (a) Election of remedies
 
 
 12
 If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person.
 
 
 13
 * * * * * *
 
 
 14
 (g) Compromise obtained by person entitled to compensation
 
 
 15
 (1) If the person entitled to compensation (or the person's representative) enters into a settlement with a third person referred to in subsection (a) of this section for an amount less than the compensation to which the person (or the person's representative) would be entitled under this chapter, the employer shall be liable for compensation as determined under subsection (f) of this section only if written approval of the settlement is obtained from the employer and the employer's carrier, before the settlement is executed, and by the person entitled to compensation (or the person's representative). The approval shall be made on a form provided by the Secretary and shall be filed in the office of the deputy commissioner within thirty days after the settlement is entered into.
 
 
 16
 (2) If no written approval of the settlement is obtained and filed as required by paragraph (1), or if the employee fails to notify the employer of any settlement obtained from or judgment rendered against a third person, all rights to compensation and medical benefits under this chapter shall be terminated, regardless of whether the employer or the employer's insurer has made payments or acknowledged entitlement to benefits under this chapter.
 
 
 17
 33 U.S.C. Sec. 933 (emphasis added).
 
 
 18
 The underlined portion of the above-quoted statute requires, in set terms and without qualification, exception or limitation, that a person entitled to compensation obtain written approval both from his employer and from the employer's insurance carrier before entering into a settlement with a third person. A failure to comply with this requirement results in the forfeiture of further benefits under the LHWCA, in all cases.
 
 
 19
 We have faced this issue in the past, and we are convinced that we resolved it properly. In Petroleum Helicopters, Inc. v. Collier we made clear that Sec. 933's requirement that an employee obtain the consent of the employer and carrier for any settlement with a third party tortfeasor is "unqualified," and we declined to read into it a "waiver of subrogation" exception. Petroleum Helicopters, Inc. v. Collier, 784 F.2d 644, 647 (5th Cir.1986).
 
 
 20
 So that the BRB can be guided in its future decisions, and because we do not wish to again revisit the issue, we hold that there are no exceptions whatever to the "unqualified" language of Sec. 933. Rather, "the employer shall be liable for compensation ... only if written approval of the settlement is obtained from the employer and the employer's carrier...." 33 U.S.C. Sec. 933(g)(1) (emphasis added). In this instance "only" means "only" and, absent any room for interpretation or construction, we give it its intended meaning. Should Congress wish to give it another, it need only say so.
 
 
 21
 Accordingly, the Decision and Order of the Benefits Review Board is VACATED and this matter is REMANDED to the Administrative Law Judge for the entry of an order consistent with this opinion.