**PETROLEUM HELICOPTERS, INC. and American Home Assurance Company, Petitioners,**

v.

**Mary E. BARGER and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 90–4022**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 4, 1990.

Vance E. Ellefson, C. Theodore Alpaugh, III, Metairie, La., for petitioners.

Donald Shire, Solicitor of Labor, U.S. Dept. of Labor, Washington, D.C., for appellees.

Mary Ellen Blade, Beckenstein, Oxford, Radford & Johnson, Beaumont, Tex., for Mary E. Barger.

Joshua T. Gillelan, II, Office of the Solicitor of Labor, Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for Director.

Before GEE, SMITH, and WIENER, Circuit Judges:

PER CURIAM:

Walter Barger was killed when the helicopter he was piloting crashed on a flight between fixed platforms on the Outer Continental Shelf in the Gulf of Mexico. Mr. Barger was employed by Petroleum Helicopters, Inc. (hereafter "PHI"); and, after his death, PHI voluntarily instituted payment of Longshore and Harbor Workers' Compensation benefits to his widow and children.

Mrs. Barger sued Bell Helicopter Textron, the manufacturer of the helicopter, and Petroleum Helicopters, Inc. on the theory that the helicopter was a "vessel" and that Mr. Barger was a "seaman" within the meaning of the Jones Act (46 U.S.C.App. § 688).

Mrs. Barger's counsel was advised that Longshoremen benefits were being paid but that, if the Bargers were contending that Mr. Barger was a "seaman", Longshore benefits were not due and would be terminated. Counsel replied that the plaintiffs' position was that Mr. Barger was a "seaman" and that he was covered by the Jones Act. Longshore benefits were then discontinued. On the eve of trial, Bell and the plaintiffs settled their claims. In return for a release of all liability, Bell agreed that, if cast in judgment, it would pay Mrs. Barger $225,000.00. Mrs. Barger agreed not to execute any judgment against Bell or seek anything over the agreed amount. Bell's counsel was present for trial, but took virtually no part in the proceedings. Bell was cast in judgment in the District Court, which held the aircraft to be a "vessel" and Mr. Barger to be a Jones Act seaman.

PHI appealed that decision to our Court, and we reversed on the Jones Act Issue. Bell then paid Mrs. Barger in accordance with the settlement agreement, receiving a release of all liability.

On December 12, 1982, Mrs. Barger, contending that she had exhausted any credit for the settlement with Bell, instituted a claim against PHI under the Longshore and Harbor Workers' Compensation Act. PHI opposed the claim on the basis that Mrs. Barger's settlement with Bell was a compromise within the meaning of § 33(g) of the Act, to which PHI, the employer, had not agreed. The Deputy Commissioner, however, awarded compensation benefits to Mrs. Barger. An Administrative Law Judge held that PHI was barred from raising the compromise between Bell and the plaintiff. The Benefits Review Board af-

firmed the Administrative Law Judge. PHI appeals that decision, and we reverse.

For the reasons stated in our opinion in *Nicklos Drilling Co. and Compass Ins. Co. v. Cowart,* 907 F.2d 1553 (5th Cir.1990) (per curiam), the judgment of the Benefits Review Board is VACATED and this matter is REMANDED to the Administrative Law Judge for the entry of an order consistent with this opinion.