**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 2, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60538
Summary Calendar

_____

GERALD A. KELLY,

Petitioner,

versus

RED FOX COMPANIES OF NEW IBERIA INCORPORATED;
LOUISIANA WORKERS' COMPENSATION CORPORATION;
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR;

Respondents.

_____

Petition for Review of an Order
of the Benefits Review Board
No. 03-0505

_____

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Gerald Kelly was injured during the course of his employment with Red Fox Companies, and received medical and disability benefits under the Longshore and Harbor Workers Compensation Act ("LHWCA") from Red Fox's insurance carrier, Louisiana Worker's Compensation Corporation ("LWCC"). Kelly then filed a tort suit against Red Fox and Diamond Offshore Drilling ("Diamond") in which

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

LWCC intervened. Red Fox was dismissed from the suit on account of its status in bankruptcy proceedings. Thereafter, LWCC filed a motion to dismiss its intervention upon determining that Red Fox had contractually waived its right of subrogation as to Diamond. Following the dismissal of LWCC, Kelly and Diamond settled for $25,000, and the court issued a full and final release and dismissed the suit. LWCC subsequently terminated all benefits to Kelly because he had failed to obtain LWCC's prior written approval for the third-party settlement.

Kelly challenged this termination of benefits, and the administrative law judge granted Red Fox and LWCC's motion for summary judgment. On appeal, the Benefits Review Board affirmed, finding that Kelly had failed to obtain written approval from either Red Fox or LWCC for his settlement with Diamond as required by 33 U.S.C. § 933(g)(1). In addition, the BRB found that LWCC was not involved in the settlement negotiations to such an extent as to render the requirements of § 933(g)(1) inoperative, and that Red Fox's waiver of its subrogation rights in its contract with Diamond did not obviate LWCC's § 933(g)(1) protections. We affirm.

Our review of a decision by the BRB is limited in scope to "considering errors of law and making certain that the BRB adhered to its statutory standard of review of factual determinations, that is, whether the ALJ's findings of fact are supported by substantial

2

evidence and [are] consistent with the law."[1]  A person entitled to compensation under the LHWCA may both recover compensation from his or her employer, and pursue a separate negligence action against a third party.[2]  If the person obtains damages from a third party, the employer is entitled to a lien on the recovery or an offset against such recovery.[3]  In the event that the person reaches a *settlement* with a third party for an amount less than the person would otherwise be entitled under the LHWCA, "written approval of the settlement [must be] obtained from the employer and the employer's carrier, before the settlement is executed, and by the person entitled to compensation."[4]  If such written approval is not obtained, "all rights to compensation and medical benefits under [the LHWCA] shall be terminated, regardless of whether the employer

---

[1]*Ortco Contractors, Inc. v. Charpentier*, 332 F.3d 283, 287 (5th Cir. 2003) (internal quotations marks and citations omitted).

[2]33 U.S.C. § 933(a).

[3]*See Phillips v. W. Co. of N. Am.*, 953 F.2d 923, 931 n.9 (5th Cir. 1992) (Under the LHWCA, "[t]he employer is compelled to pay the benefits regardless of whether it was negligent or not.  In return, the employer takes a lien for the total amount of benefits paid on any judgment or settlement the employee may later obtain. Accordingly, the injured employee is fully – but not doubly – compensated; the tortfeasor pays for the injuries for which it is responsible and the employer recovers so much of its worker's compensation payments as is attributable to the tortfeasor's negligence." (quoting *Stifle v. Marathon Petroleum Co.*, 876 F.2d 552, 560 (7th Cir. 1989) (internal quotation marks omitted)); 33 U.S.C. § 933(f) (providing that an employer may offset an employee's third party recovery against its obligation to pay compensation under the LHWCA).

[4]33 U.S.C. § 933(g)(1).

or the employer's insurer has made payments or acknowledged entitlements to benefits under [the LHWCA]."[5]

In his first point of error, Kelly contends that the BRB erroneously determined that LWCC's awareness of and discussions about the settlement with Diamond did not render the § 933(g) bar inapplicable. Specifically, Kelly contends that the settlement was discussed with counsel for LWCC prior to its finalization, and that counsel for LWCC was knowledgeable of the settlement throughout the negotiation process. However, Kelly does not argue – nor does the record suggest – that LWCC or Red Fox directly participated in the settlement negotiations or approved the final agreement.

Our court has consistently found that failure to obtain written approval of a settlement with a third party places an absolute bar on the receipt of further compensation from an employer or the employer's carrier under the LHWCA.[6] This approach was questioned but not disavowed by the Supreme Court in *Estate of*

---

[5]33 U.S.C. § 933(g)(2).

[6]*See Nicklos Drilling Co. v. Cowart*, 907 F.2d 1552, 1554 (5th Cir. 1990) ("[W]e hold that there are no exceptions *whatever* to the 'unqualified' language of § 933."), *aff'd on reh'g*, 927 F.2d 828 (1991), *aff'd Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469 (1992); *Jackson v. Land & Offshore Servs., Inc.*, 855 F.2d 244, 246 (5th Cir. 1988) (finding that the language of § 933(g)(1) does not support a "waiver of subrogation" exception to the written approval requirement); *Petroleum Helicopters, Inc. v. Collier*, 784 F.2d 644, 647 (5th Cir. 1986) (finding that both the language of § 933(g)(1) and its legislative history "admits no exception to the written approval requirement").

4

*Cowart v. Nicklos Drilling Co.*,[7] in which the Court refused to decide whether participation by an employer or its carrier in a third party settlement serves to fulfill or even eliminate the written notice requirement. The Court noted, however, that § 933(g)'s forfeiture penalty creates "a trap for the unwary," and presents the "stark and troubling possibility that significant numbers of injured workers or their families may be stripped of their LHWCA benefits by this statute."[8]

In *I.T.O. Corp. of Baltimore v. Sellman*, the Fourth Circuit refused to impose a complete bar on future compensation in the absence of a written approval, finding that an employer's failure to provide written approval of a third party settlement agreement did not serve to terminate the employer's obligation to provide compensation under the LHWCA when the employer directly and fully participated in both the third party action and the settlement negotiations leading to the execution of what amounted to a "joint" settlement agreement.[9] In addition, the BRB has found that an employer's participation in a third party settlement agreement can serve to obviate the need for written approval of the agreement

---

[7]505 U.S. 469 (1992).

[8]*Id.* at 483.

[9]954 F.2d 239, 242 (4th Cir. 1992).

under § 933(g)(1).[10]

We are compelled to abide by the precedent of this court. Regardless, even if free to do so, the facts of this case would not compel us to depart from our settled interpretation of § 933(g)(1). Kelly has presented no evidence that LWCC directly participated in the settlement negotiations with Diamond , or that LWCC approved of the resulting agreement. Rather, Kelly alleges only that LWCC had knowledge of the settlement negotiations, and that LWCC discussed them with him on isolated occasions prior to their conclusion. Assuming that these allegations are true, they fail to offer a compelling reason for disregarding the clear and unambiguous written notice requirement of § 933(g)(1).

In his second point of error, Kelly argues that § 933(g)(1) should not apply in the present case because Red Fox contractually waived its right to subrogation as to Diamond , and therefore was not prejudiced by the settlement. Our court has held, however, that § 933(g)(1) protects both the employer's right to reimbursement from any settlement fund created by the third party, *and* a right to an off-set against compensation benefits for amounts received by way of a third party settlement. An employer that has waived its right to subrogation still has a significant interest in the outcome of any third party settlement agreement as the proceeds

---

[10]*See Gremillion v. Gulf Coast Catering Co.*, 31 BRBS 163 (1997); *Deville v. Oilfields Indus.*, 26 BRBS 123 (1992).

6

from such a settlement would be off-set against the employer's compensation liability. As a result, an employer's waiver of its right to subrogation does not serve to eliminate the written notice requirement of § 933(g)(1).[11] Kelly's second point is unavailing.

In his third point of error, Kelly claims that LWCC violated his due process right to attempt to re-open his claim in the district court based on the issues raised in connection with severance of benefits when it failed to timely copy him with the written notice of suspension of benefits that was sent to the Department of Labor pursuant to statutory requirements.[12] Kelly has failed to demonstrate how this action by LWCC, a private insurance carrier, deprived him of a protected property interest without due process of law.[13] In addition, Kelly's fourth point or error, that

---

[11]*See Jackson*, 855 F.2d at 246 ("The employer has a right to set-off the amount of the settlement against future payments. This provision is independent of the right of an employer to subrogation. The right is also protected by the notice provision." (citations omitted)); *Petroleum Helicopters, Inc.*, 784 F.2d at 647 ("[T]here is nothing in the language of § 933 to support a 'waiver of subrogation' exception to the unqualified requirement that an employee obtain the consent of the employer and carrier for an settlement with a third party tortfeasor.").

[12]33 U.S.C. § 914(c) ("Upon making the first payment, and upon suspension of payment for any cause, the employer shall immediately notify the deputy commissioner, in accordance with a form prescribed by the Secretary, that payment of compensation has begun or has been suspended, as the case may be.").

[13]*See In re Compensation Under the Longhore & Harbor Workers' Compensation Act*, 889 F.2d 626, 631 (5th Cir. 1990) (finding that the review process for compensation orders issued under LHWCA satisfied the requirements of due process); *see also Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 206-7 (3d. Cir. 2000) (finding

the ALJ failed to consider his claim under equitable jurisdiction, is without merit.

Finding no error in the judgment of the BRB, we AFFIRM.

---

that termination without notice by private insurer of LHWCA benefits does not constitute a violation of employee-recipient's procedural due process rights).