IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-11291
Summary Calendar

VECENTIE MORALES,

Plaintiff–Appellant,

v.

JOHN R. BOYD, Individually and in his official capacity as the Sheriff of the
Comanche County Texas Sheriff's Department; JEFF LAMBERT,
Individually and in his official capacity as Chief Deputy of the Comanche
County Texas Sheriff's Department; BOBBY WALTON, Individually and in
his official capacity as Lead Investigator for the Palo Pinto County Texas
Sheriff's Department; IRA MERCER, Individually and in his offficial capacity
as the District Attorney's Investigator for the Palo Pinto County Texas
District Attorney's Office; BILL C. COOPER, Individually and in his official
capacity as a Sergeant for the Texas Department of Public Safety; PALO
PINTO COUNTY TX; COMANCHE COUNTY, TEXAS,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-cv-561

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Vecentie Morales brought claims under 42 U.S.C. § 1983, which arose out of an alleged illegal search and seizure, against several law enforcement officers in their individual capacities (Officers), as well as two Texas counties (Counties). The district court granted summary judgment as to all defendants. Since Morales has not rebutted the Officers' qualified immunity defense, we affirm.

I

The following facts are undisputed on the summary judgment record. While in custody following his arrest in June 2002, Vecentie Morales was interviewed by one of the Officers, Ira Mercer. In the course of this interview, Morales disclosed that stolen property could be found at his residence and provided Mercer with oral consent to conduct a search of the premises.

Morales resided in a mobile home located on the ranch of Kory Pounds. Mercer contacted Pounds to request access to the ranch, which he obtained. Upon arrival, Pounds informed the Officers that he had originally hired Morales as a laborer and that he was now allowing him and another individual to reside in the trailer without paying any rent. Pounds also indicated that he owned all the furniture in the trailer, enjoyed "unlimited and unrestricted access," and had in fact entered the trailer "unannounced and without obtaining prior consent" on several occasions. Pounds then consented to the search of the ranch and the trailer, and even assisted its execution. Several stolen items were seized. Morales was eventually convicted and is now serving two concurrent twenty-seven-year sentences.

Morales filed suit in 2006, alleging, inter alia, causes of action under 42 U.S.C. § 1983. Pursuant to the district court's scheduling order, all parties filed timely motions for summary judgment. The Officers and Counties also provided evidentiary support. Although in his pleadings Morales disputed that he ever consented to the search and that he was living in Pounds's trailer rent-free, he had not yet provided the district court with any competent summary judgment

evidence to this effect. About a month later, Morales filed an amended motion for summary judgment to which he attached several sworn affidavits. However, the district court unfiled the motion because it was untimely.

The district court granted the defendants' motion for summary judgment based on the record, which excluded Morales's affidavits. As to the Officers, the district court found that they were protected by qualified immunity because Pounds gave both actual and apparent consent to the search. Accordingly, the court also granted summary judgment to the Counties.

Morales filed a number of post-judgment motions. Morales moved the district court to strike the defendants' affidavits from the record, on the ground that they were perjurious. He also moved for reconsideration. The district court denied these and all of Morales's other post-judgment motions, which did not raise any new questions.

II

Morales raises several issues on appeal. First, he alleges that the district court erred in: (1) failing to consider Morales's amended motion for summary judgment and evidentiary support attached thereto, (2) considering the defendants' affidavits in support of their summary judgment motion, (3) granting summary judgment to the defendants, and (4) denying his motion to reconsider the summary judgment ruling. Although Morales alleged a number of causes of action in the district court, his brief refers only to his § 1983 claim. Accordingly, we consider only the district court's ruling on this ground.[1]

---

[1] See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that, pursuant to FED. R. APP. P. 28(a)(4), arguments that are not briefed are not preserved, even where the appellant is proceeding pro se).

A

We review a district court's grant of summary judgment de novo.[2] Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3] "'The evidence and inferences from the summary judgment record are viewed in the light most favorable to the nonmovant.'"[4]

As long as their conduct does not violate clearly established law, government officials are protected from suit arising out of activities conducted within their discretionary authority by the doctrine of qualified immunity.[5] On summary judgment, the defendant official need only plead this defense.[6] Once qualified immunity is invoked, the burden is on the plaintiff to rebut its applicability.[7] In order to do so, the plaintiff may not simply rely on mere allegations in the pleadings, but must produce competent summary judgment evidence raising a genuine issue of material fact.[8] This requirement applies

---

[2] N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co., 541 F.3d 552, 555 (5th Cir. 2008).

[3] FED. R. CIV. P. 56(c).

[4] McLaurin v. Noble Drilling (U.S.) Inc., 529 F.3d 285, 288 (5th Cir. 2008) (quoting Minter v. Great Am. Ins. Co. of N.Y., 423 F.3d 460, 465 (5th Cir. 2005)).

[5] Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 418 (5th Cir. 2008) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

[6] Id. at 419 (citing Michalik v. Hermann, 422 F.3d 252, 262 (5th Cir. 2005)).

[7] Id.

[8] See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (holding that when a nonmoving party bears the burden of proof at trial on a dispositive issue, it must go beyond the pleadings to create an issue of material fact); see also Rosado v. Deters, 5 F.3d 119, 123 (5th Cir. 1993).

equally to pro se litigants. "[W]e have never allowed such litigants to oppose summary judgments by the use of unsworn materials."[9]

The plaintiff must identify in the record a factual basis for the conclusion "(1) that the defendant violated the plaintiff's constitutional rights and (2) that the violation was objectively unreasonable."[10] The reasonableness inquiry asks "whether [t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates the right."[11]

Thus, we first consider whether Morales alleged a violation of a constitutional right.[12] "'[P]hysical entry of the home is the chief evil against which the . . . Fourth Amendment is directed.'"[13] Thus, "'[w]arrantless searches of a person's home are presumptively unreasonable unless the person consents, or unless probable cause and exigent circumstances justify the search.'"[14] Searches pursuant to valid consent are established exceptions to the warrant requirement.[15]

To satisfy the consent exception, "the government must establish that consent to search was freely and voluntarily given and that the individual who

---

[9] Barker v. Norman, 651 F.2d 1107, 1123 (5th Cir. 1981).

[10] Bolton v. City of Dallas, Tex., 472 F.3d 261, 265-66 (5th Cir. 2006).

[11] Id. at 266 (alteration in original) (quoting Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992) (quotation marks omitted)).

[12] See Gates, 537 F.3d at 419 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).

[13] Id. at 420 (alteration in original) (quoting United States v. U.S. Dist. Court, 407 U.S. 297, 313 (1972)).

[14] Id. (alteration in original) (quoting United States v. Gomez-Moreno, 479 F.3d 350, 354 (5th Cir. 2007)).

[15] United States v. Mendez, 431 F.3d 420, 429 (5th Cir. 2005).

gave consent had authority to do so."[16] If consent is given by a third party rather than the person whose property was searched, the government must also demonstrate that the "third party had either actual or apparent authority to consent."[17] To establish the existence of apparent authority, in turn, the officials need only demonstrate that they reasonably believed that the third party was so authorized.[18] Further, "[p]olice officers are entitled to rely on the representations of persons regarding their authority to consent when the circumstances do not render such reliance unreasonable."[19]

The summary judgment record, viewed in the light most favorable to the nonmovant, establishes that Pounds had apparent authority to consent to the search of Morales's trailer.[20] Pounds invited the Officers to his ranch and represented that Morales was living on his property for free and that Pounds had unrestricted access to the trailer. The Officers were entitled to rely on these representations under the circumstances. Thus, the Officers reasonably believed that they were executing the search pursuant to valid consent and are protected by qualified immunity.

We also agree with the district court's grant of summary judgment as to the Counties. Since the Officers are entitled to qualified immunity, the Counties cannot be held liable, and in any event, Morales has wholly failed to allege that

---

[16] United States v. Gonzales, 121 F.3d 928, 938 (5th Cir. 1997) (citing United States v. Jenkins, 46 F.3d 447, 451 (5th Cir. 1995)).

[17] Id.

[18] Id. (citing Illinois v. Rodriguez, 497 U.S. 177, 188 (1990)).

[19] Id. at 939 (citing Rodriguez, 497 U.S. at 188).

[20] Id. (concluding that an individual who was presented to police officers as in the "care, custody and control" of a warehouse and who informed the officers that he lived there had apparent authority to consent to a search, even though he was not the actual owner); see also United States v. Jaras, 86 F.3d 383, 389-90 (5th Cir. 1996) (concluding that there was no apparent consent when the third party clearly informed the officers that the suitcases searched belonged to someone else).

any claimed constitutional violations were the result of the official policy or custom of the Counties.[21]

B

Our summary judgment review is limited to the record before the district court.[22] However, Morales contends that the district court made erroneous evidentiary rulings, resulting in an inaccurate and incomplete record. Specifically, Morales first claims that the court erroneously admitted the defendants' summary judgment evidence because the Officers and Pounds allegedly perjured themselves in their submitted affidavits. We disagree. The district court did not err in refusing to strike the affidavits based on Morales's unsworn allegations that they were "false."

Morales also argues that his amended motion for summary judgment and affidavits attached thereto should not have been stricken from the record. In these affidavits, Morales states that, contrary to Mercer's statement, he never personally consented to the search. Morales also states that he paid rent to Pounds, who did not have shared access to the trailer.

We need not consider this argument because the outcome would remain unaffected even if we were to find that Morales's evidence should have been admitted. In the summary judgment context, facts are material only if they "'might affect the outcome of the suit under the governing law.'"[23] "[F]actual disputes over issues not germane to the claim are simply irrelevant because they

---

[21] See Bennett v. City of Slidell, 735 F.2d 861, 862 (5th Cir. 1984) (en banc) (per curiam) (stating that liability of a municipality under § 1983 attaches only where a deprivation of a constitutional right is caused by an official policy or a custom so established as to fairly represent official policy); see also Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).

[22] Wallace v. Tex. Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996).

[23] Bazan ex. rel. Bazan v. Hidalgo County, 246 F.3d 481, 489 (5th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

are not outcome determinative."[24]  Whether Morales himself consented to the search is irrelevant since the district court's order is not based on Morales's consent.  Instead, the district court found that Pounds provided the Officers with valid actual and apparent consent.  Although Morales's second factual dispute is relevant to the question of actual consent, it does not bear on the question of apparent consent.  Where the parties "advance[] several independent arguments" in support of summary judgment, "we will affirm if any of those grounds support the district court's decision."[25]  Since we conclude that the Officers acted pursuant to Pounds's apparent consent, we need not resolve any factual questions related to actual consent.

C

Morales also argues that the district court erred in denying his motion to reconsider in light of his affidavits.  Because summary judgment was proper regardless of the admissibility of Morales's affidavits, we need not consider this argument.

III

Morales also challenges the district court's summary judgment ruling on the ground that the defendants did not provide him with what he alleges to be the required ten-day notice prior to filing their summary judgment motion.  This argument is without merit.  Morales relies on FED. R. CIV. P. 56(c) which states, in relevant part, that a motion for summary judgment must be served at least ten days prior to the hearing date.  As we have previously explained, this rule only requires advance notice where there is an oral hearing; if there is no oral hearing, the rule merely requires that the adverse party have at least ten days

---

[24] Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264 (5th Cir. 1991).

[25] Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1146 (5th Cir. 1993).

to respond.[26]  The district court's scheduling order clearly set out the summary judgment motion deadline and allowed twenty days to the adverse party to reply. In addition, Morales obtained an extension.  In sum, as Morales had ample time to file his reply brief, which he ultimately did, the requirements of Rule 56(c) were satisfied and the district court was within its authority to rule on the motion.[27]

## IV

Morales finally asserts that Mercer "did not have jurisdiction" to conduct the search of his trailer.  A careful review of the record reveals that Morales did not provide the district court with the opportunity to rule on this issue. Although pro se parties are held to a less stringent standard, such litigants must still reasonably comply with procedural rules.[28]  "Ordinarily, arguments not raised in the district court cannot be asserted for the first time on appeal."[29]  As Morales failed to properly raise this argument, we do not address it here.

\* \* \*

For the reasons discussed above, the judgment of the district court is AFFIRMED.

---

[26] Daniels v. Morris, 746 F.2d 271, 274-75 (5th Cir. 1984).

[27] Hamman v. Sw. Gas Pipeline, Inc., 721 F.2d 140, 142 (5th Cir. 1983) (stating that the requirements of Rule 56(c) were satisfied where the opposing party filed a responsive brief, even if the district court did not advise when it would consider the summary judgment motion).

[28] Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

[29] Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd., 417 F.3d 444, 447 (5th Cir. 2005).