**Charles COOPER, Plaintiff–Appellant**

v.

**INTERNATIONAL OFFSHORE SERVICES, L.L.C.; International Marine, L.L.C.; Unidentified Party, Defendants–Appellees.**

No. 10–30046
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 2010.

David Christopher Whitmore, Esq., Lawrence Blake Jones, Scheuermann & Jones, L.L.C., New Orleans, LA, for Plaintiff–Appellant.

Michael Anthony McGlone, Esq., Sean Thomas McLaughlin, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P., New Orleans, LA, for Defendant–Appellee.

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Charles Cooper was seriously injured while loading supplies onto the M/V INTERNATIONAL THUNDER during the course of his employment. He settled his compensation claims with his employer, International Marine, and its parent company, International Offshore Services, (collectively "International") through the administrative processes in the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Thereafter, he filed a complaint against International for negligence and sought damages, maintenance, and cure. International's motion for summary judgment was granted. We AFFIRM.

## BACKGROUND

On December 18, 2007, Cooper was carrying supplies aboard the docked M/V INTERNATIONAL THUNDER when a wake from an unidentified passing ship caused the gang plank he was standing on to shift. This shift caused his lower right leg to become caught between the gang plank and the vessel, resulting in a serious injury. Cooper underwent surgery to repair a ruptured Achilles tendon, but was unable to make a full recovery.

On May 1, 2009, Cooper and International agreed to a Section 8(i) settlement of Cooper's compensation claims under the LHWCA.[1] In consideration for a lump sum payment to Cooper, the parties agreed that, "[a]pproval and payment of this agreed settlement shall discharge the liability of [International] for the payment of any further compensation and/or medical benefits as a result of the injury of December 18, 2007."

Three days later, the District Director of the U.S. Department of Labor, 7th Compensation District, approved the settlement and entered a compensation order,

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The LHWCA is codified at 33 U.S.C. § 901, et seq. A settlement reached under Section 908(i) is commonly referred to as a Section 8(i) settlement.

which included the following finding of fact:

> 5. [International] ... shall be forever released and relieved from all past, present, and future medical expenses, rehabilitative expenses, workers' compensation benefits, and any and all claims of whatsoever nature and kind arising heretofore or which may hereafter arise, growing out of any accident or injury or out of any medical treatment provided as a result of any accident or injury occurring prior to the date of this agreement.

Neither party appealed the compensation order to the Benefits Review Board, so it became final thirty days later. 33 U.S.C. § 921(a).

Approximately two months after the compensation order became final, Cooper filed a complaint in the United States District Court for the Eastern District of Louisiana asserting negligence claims arising out of the December 18, 2007 incident. He alleged violations of the LHWCA, the Jones Act, general maritime law, and Louisiana law[2] and sought damages, maintenance, and cure from International and the unidentified vessel that created the wake.

International filed a motion for summary judgment. It argued that Cooper's negligence claims were barred by *res judicata*, because one of the findings of fact in the compensation order stated that International was relieved from liability for "any and all claims of whatsoever nature" arising out of the December 18, 2007 accident. In a supplemental memorandum, International also argued the district court lacked jurisdiction over the matter, because, by statute, an aggrieved party cannot challenge a final compensation order in district court.

Cooper acknowledged that Fifth Circuit precedent precluded him from seeking damages under the Jones Act since he had already settled his compensation claims under the LHWCA. *See Sharp v. Johnson Bros. Corp.*, 973 F.2d 423, 426–27 (5th Cir.1992). He did not oppose summary judgment on this issue. However, Cooper argued that he could still recover damages under Section 905(b) of the LHWCA, which permits a qualifying injured employee to sue a vessel owner for negligence. 33 U.S.C. § 905(b). Cooper argued that summary judgment was not appropriate because there was a fact issue concerning whether he intended to release International from "any and all claims" arising out of the accident.

International's motion for summary judgment was granted. The district court construed Cooper's claim that the language in the compensation order did not reflect the actual agreement between the parties as being a challenge to the District Director's findings of fact. The district court held that it lacked jurisdiction over such a challenge. In addition, the district court held that *res judicata* barred Cooper's claims, because the final compensation award released International from liability "for all payments of compensation and future medical benefits under the" LHWCA.

Cooper filed a timely appeal challenging the district court's grant of summary judgment.

## ANALYSIS

A grant of summary judgment is reviewed *de novo*, whereby we use the same standard to analyze the facts and law as

---

2. The district court noted that Cooper agreed to dismiss the claims under the Jones Act and general maritime law, and that his complaint did not identify the specific Louisiana statutes he claims were violated.

did the district court. *Croft v. Governor of Tex.*, 562 F.3d 735, 742 (5th Cir.2009). Summary judgment is proper if "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c)(2).

The LHWCA was designed by Congress to encourage the efficient administration of compensation claims for land-based maritime employees injured in or near harbor facilities. *McLaurin v. Noble Drilling (U.S.), Inc.*, 529 F.3d 285, 289 (5th Cir. 2008). Section 8(i) of the LHWCA gives wide latitude to employers and workers to settle qualifying compensation claims. 1A Benedict on Admiralty § 75 (rev. 7th ed. 2009). Agreed settlements must be approved by an administrative adjudicator; an employer's liability is not discharged until such approval is given. *Id.* The purpose of the administrative approval is to ensure that the settlement is adequate and was not induced under duress. *Id.*

Once a settlement agreement has been approved and a compensation order issued, an aggrieved party has thirty days to file an administrative appeal with the Benefits Review Board. 33 U.S.C. § 921(a). If no appeal is taken within thirty days, the compensation order becomes final. *Id.*

A petition for review of a decision by the Benefits Review Board concerning a final compensation order may be brought in the "court of appeals for the circuit in which the injury occurred." *Id.* § 921(c). That court has jurisdiction to affirm, modify, or set aside the terms of the order. *Id.* When no appeal is taken but an employer fails to comply with the order after it becomes final, the employee may file in district court for enforcement. *Id.* § 921(d).

### A. Jurisdiction

■ In its order granting summary judgment, the district court held that it lacked jurisdiction over any challenge to the factual findings in the final compensation order. On appeal, Cooper argues that the District Director's order was ambiguous. Cooper disputes that the order relieving International from liability for "any and all claims of whatsoever nature and kind" was a fact-finding. Cooper asserts that he is not challenging the factual finding itself, but rather he is seeking a judicial interpretation of the order.

Cooper clearly is asserting now that he only wants an interpretation of the final compensation order. In the district court, though, his arguments in his brief opposing summary judgment were otherwise. He argued that the District Director made "an erroneous finding of fact" when he held that the plaintiff had released the defendants from "any and all claims of whatsoever nature" from the accident. He alleged that such a broad release "was not what the plaintiff bargained for" in settling the case. Making the factual nature of the claim clear, Cooper asserted in the district court that he "did not intend, by executing the settlement agreement, to release the defendants from" all claims resulting from the accident.

There may well be a serious question about whether the District Director went further than the parties intended. The question cannot be answered here though. If Cooper believed the District Director's order did not reflect the agreement the parties reached in the settlement agreement, he could have sought reconsideration by the Director. Failing that, he had the option to appeal the order to the Benefits Review Board. *Id.* § 921(a).

The district court properly found that it did not have jurisdiction over such a challenge. *Id.* § 921(c), (d).

■ Cooper's new argument on appeal, not presented to the district court, is not

considered. *Nunez v. Allstate Ins. Co.,* 604 F.3d 840, 846 (5th Cir.2010).

### B. Res Judicata

Cooper argues that regardless of whether he has settled all workers' compensation claims, he still can bring claims for negligence against the vessel's owner. 33 U.S.C. § 905(b); *see McLaurin,* 529 F.3d at 289. The defendants argue that despite this general principle, Cooper's separate negligence claims are barred by *res judicata* arising from his broad settlement agreement.

Once a final judgment on the merits of a prior action is entered, the parties and those in privity with them may not relitigate issues that either were or at the least could have been brought in the action. *Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398, 401 (5th Cir.2009). *Res judicata* applies even when an administrative agency was the venue of the first action, provided the agency acted in a judicial capacity, gave the parties sufficient opportunity to present their case, and resolved any disputed fact questions properly brought before it. *Gibson v. U.S. Postal Serv.,* 380 F.3d 886, 889 (5th Cir.2004).

"Four elements must be met for a claim to be barred by res judicata." *Oreck,* 560 F.3d at 401. Cooper concedes that the first three elements are met, but he challenges the district court's holding that the fourth element—that the same claim or cause of action is involved in both cases— is met. He argues that his claim in the administrative proceedings was for compensation and his claim in the district court is for damages.

The District Director's finding of fact in the final compensation order was that International was released from liability from "workers' compensation benefits, and any and all claims of whatsoever nature" arising out of the December 18, 2007 inci-

dent. This language was unambiguous. It does not matter that the language may have been errant, as that was an issue to resolve on appeal from the Director. International has no further liability connected with the December 18, 2007 incident.

The district court correctly held that *res judicata* precluded Cooper from relitigating this issue. AFFIRMED.